In the Matter of the Estate of EDWARD ZAREMBA, Deceased.

Surrogate's Court, Erie County, May 3, 1940.

*Thurman W. Stoner*, for the Marine Trust Company of Buffalo, as committee of the estate of Clara Zaremba, an incompetent, petitioner.

*Andrew B. Gilfillan, Jr.* [*Andrew B. Gilfillan, Sr.,* of counsel], for the executor, respondent.

VANDERMEULEN, S. Edward Zaremba, deceased, was a party to a contract settling a claim he had against certain officers of the Ore Chimney Company. Under this contract, the officers agreed to make certain installment payments. Subsequently, Edward Zaremba promised to pay Clara Zaremba the first $10,000 he received under and pursuant to this contract.

The embodiment in the judgment in an action Edward Zaremba brought against Clara Zaremba as his trustee for an accounting reads as follows: " That the defendant, Clara Zaremba, is entitled to be paid the sum of Four thousand dollars ($4,000.00) as and when Edward Zaremba receives that sum or any part thereof under and pursuant to an Ore Chimney agreement dated February 25, 1928."

On or about June 2, 1938, the executor of Edward Zaremba's estate petitioned this court to compel the Marine Trust Company of Buffalo, as committee of the estate of Clara Zaremba, to deliver to the executor 160,000 shares of Ore Chimney stock and $60,000 in coupon notes. The prayer of the petitioner was granted and in its decision the court intimated that Clara Zaremba might have a general claim.

On or about March 23, 1938, the Marine Trust Company, as committee of the estate of Clara Zaremba, had filed with the executor of the estate of Edward Zaremba a sworn claim setting forth the aforementioned indebtedness of $4,000. On November 25, 1938, an amended claim was filed. Both of the claims were rejected by the executor. The question of their validity was determined in a judicial settlement proceeding of the estate of Edward Zaremba by this court. The claims were dismissed. The petitioner appealed to the Appellate Division of the Supreme Court and the decision of the surrogate was affirmed.

The committee of Clara Zaremba now claims that the unpaid balance of $4,000 and interest is a contingent claim and seeks in this proceeding to invoke the aid of section 207 of the Surrogate's Court Act, which provides in part: " Whenever at the death of any person there shall be a contingent or unliquidated claim against his estate, or an outstanding bond, recognizance or undertaking upon which the deceased shall have been principal, surety, or indemnitor and on which at the time of his death the liability is still contingent or unliquidated, a claimant or a surety shall have the right to file with the executor or administrator of the estate of the deceased on or before the day named in the notice provided for in this section, an affidavit setting forth the facts upon which such contingent or unliquidated liability is based and the probable amount thereof, and there shall be no distribution of the assets of said

estate without the reservation of sufficient moneys to pay such contingent or unliquidated claim when the amount thereof is finally determined. If before a final judicial accounting and a decree thereon such contingent or unliquidated claim or liability shall have become fixed and liquidated, then evidence of the same may be filed with the executor or administrator of the estate of the deceased in lieu of the contingent claim provided for; and such claim as fixed and liquidated shall be a debt of such estate. If such contingent or unliquidated claim has not become so fixed and liquidated, the decree on a final accounting shall direct that a sum sufficient to satisfy the claim, or the proportion to which it is entitled, be retained in the hands of the accounting party for such period or periods as the court may deem proper for the purpose of being applied to the payment of such claim when fixed and liquidated; and that so much of such sum as is not needed for such purpose be afterwards distributed according to law."

The payment of the claim being contingent only upon the receipt of the sum of $4,000, or part thereof, under the agreement aforesaid, it is not the type of claim contemplated by the provisions of section 207 of the Surrogate's Court Act.

The proceeding is dismissed.